# Exhibit A

IN THE COURT OF COMMON PLEAS OF
SCHUYLKILL COUNTY CIVIL ACTION--LAW

RICHARD AND LAURA             :     No: S-1864-2014
BALDWIN,                      :
113 Albert Blvd.,            :
Pottsville, PA 17901         :
                             :
        *Plaintiffs,*        :
                             :
           vs.               :
                             :
MONTEREY FINANCIAL           :
SERVICES, INC.,              :
4095 Avenida De La Planta    :
Oceanside, CA 92056          :
                             :
        *Defendant.*         :

## NOTICE

        YOU HAVE BEEN SUED IN COURT.  If you wish to defend against the claims
set forth in the following pages, you must take action within twenty (20) days after this
complaint and notice are served, by entering a written appearance personally or by
attorney and filing in writing with the court your defenses or objections to the claims set
forth against you.  You are warned that if you fail to do so the case may proceed without
you and a judgment may be entered against you by the court without further notice for
any money claimed in the complaint or for any other claim or relief requested by the
plaintiff. You may lose money or property or other rights important to you.   YOU
SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO NOT
HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW.
THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A
LAWYER. IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY
BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT
MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE
OR NO FEE.

**PENNSYLVANIA BAR ASSOCIATION LAWYER REFERRAL SERVICE**
**100 South Street, P. O. Box 186**
**Harrisburg, PA 17108**
**Telephone: 1-800-692-7375**

## NOTICE CONCERNING MEDIATION OF ACTIONS PENDING BEFORE THE COURT OF COMMON PLEAS OF SCHUYLKILL COUNTY

The Judges of the Court of Common Pleas of Schuylkill County believe that mediation of lawsuits is a very important component of dispute resolution. Virtually all lawsuits can benefit in some manner from mediation.

The Court has adopted Schuylkill County Local Rule 1001 to encourage the use of mediation. This early alert enables litigants to determine the best time during the life of their lawsuit for a mediation session. The intent of this early alert is to help the parties act upon the requirement to consider good faith mediation at the optimal time.

The Schuylkill County Bar Association provides mediation services and can be reached at (570) 628-1235. *Free mediation sessions for pro bono cases referred by MidPenn Legal Services are available through the Schuylkill County Bar Association.*

IN THE COURT OF COMMON PLEAS OF SCHUYLKILL COUNTY, PENNSYLVANIA
CIVIL DIVISION

RICHARD AND LAURA        :
BALDWIN,                      :
113 Albert Blvd.,            :
Pottsville, PA 17901       :
                              :
     *Plaintiffs,*           :
                              :
        vs.            :  No: S-1864-2014
                              :
MONTEREY FINANCIAL     :  (JURY TRIAL DEMANDED)
SERVICES, INC.,           :
4095 Avenida De La Planta   :
Oceanside, CA 92056      :
                              :
     *Defendant.*        :

## COMPLAINT

RICHARD AND LAURA BALDWIN ("Plaintiffs"), by and through their attorneys,
KIMMEL & SILVERMAN, P.C., allege the following against MONTEREY FINANCIAL
SERVICES, INC. ("Defendant"):

### INTRODUCTION

1.     Plaintiffs' Complaint is based on the Telephone Consumer Protection Act, 47
U.S.C. § 227 *et seq.*; Pennsylvania Fair Credit Extension and Uniformity Act (hereinafter the
"PaFCEUA"), 73 Pa.C.S.A. § 2270 *et seq.*; the Pennsylvania Unfair Trade Practices and
Consumer Protection Law (hereinafter the "PaUTPCPL"), 73 P.S. § 201-1 *et seq.*; and the
Pennsylvania Common Law Tort of Invasion of Privacy.

### JURISDICTION AND VENUE

2.     Jurisdiction of this court arises pursuant 42 Pa. Cons. Stat. § 931(a).

1

3.      Defendant conducts business in the Commonwealth of Pennsylvania, and as such, personal jurisdiction is established pursuant to 42 Pa. Cons. Stat. § 5322.

4.      The acts complaint of occurred in Schuylkill County; therefore, venue is proper pursuant to Pa.R.C.P.No. 1006.

## PARTIES

5.      Plaintiffs are each a natural person residing in Pottsville, Pennsylvania 17901.

6.      Plaintiffs are each a "consumer" as defined by 73 Pa.C.S.A. § 2270.3, and are natural persons allegedly obligated to pay a debt.

7.      Plaintiffs are each a "person" as that term is defined by 47 U.S.C. § 153 (39).

8.      At all relevant times herein, Defendant acted as a "creditor" within the meaning of 73 Pa.C.S.A. § 2270.3, in that it conducted business under the name of a creditor and within this Commonwealth, to whom a debt is owed or alleged to be owed.

9.      Defendant is a "person" as that term is defined by 47 U.S.C. § 153 (39).

10.     Defendant is a servicing company with its principal office located at 4095 Avenida De La Plata, Oceanside, California 92056.

11.     Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

12.     At all pertinent times hereto, Defendant attempting to collect a consumer debt and repeatedly contacted Plaintiffs in its attempts to collect that debt.

13.     The alleged debt, a Prestige Software, Inc. vacation program account, arose out of transactions that were primarily for personal, family, or household purposes.

14.     Prestige Software, Inc. (hereinafter "Prestige") is a membership service, offering

1   "leisure lifestyle and travel benefits." See http://www.prestigesoftwareinc.com/about.

2        15.    As Plaintiffs do not owe any business debt, any debt that Defendant was
3   attempting to collect could only be personal in nature.

4        16.    Plaintiffs dispute owing the alleged debt, as they cancelled the contract with
5   Prestige.

6        17.    Beginning in October 2013, and continuing through March 2014, Defendant
7   repeatedly and continuously called Plaintiffs on their home and cellular telephones in an attempt
8   to collect an alleged consumer debt.
9

10        18.    The cellular telephone number has been assigned to a cellular telephone service
11   for which Plaintiffs incur a charge for incoming calls.

12        19.    Defendant contacted Plaintiffs on their home and cellular telephones one (1) to
13   two (2) times a day, multiple times a week during the relevant time period.

14        20.    For example, Defendant called Plaintiffs' home telephone on the following dates
15   and times: October 18, 2013, at 1:45 p.m.; October 21, 2013, at 7:08 p.m.; October 31, 2013, at
16   11:25 a.m.; November 7, 2013, at 5:14 p.m.; November 13, 2013, at 7:40 p.m. and 8:30 p.m.;
17   November 20, 2013, at 2:24 p.m. and 8:25 p.m.; November 21, 2013, at 6:51 p.m.; December 5,
18   2013, at 3:24 p.m.; December 9, 2013, at 1:20 p.m.; December 12, 2013, at 1:51 p.m.; December
19   23, 2013, at 12:09 p.m.; January 9, 2014, at 6:22 p.m.; January 18, 2014, at 11:24 p.m.; January
20   20, 2014, at 12:29 p.m.; January 31, 2014, at 5:28 p.m.; February 6, 2014, at 7:10 p.m.; February
21   12, 2014, at 6:06 p.m.; February 13, 2014, at 5:45 p.m.; February 21, 2014, at 7:18 p.m.;
22   February 24, 2014, at 2:54 p.m.; February 28, 2014, at 5:34 p.m.; March 5, 2014, at 7:19 p.m.;
23   March 6, 2014, at 5:59 p.m.; March 12, 2014, at 7:57 p.m.; March 13, 2014, at 6:51 p.m.; March
24   20, 2014, at 1:33 p.m.; March 21, 2014, at 11:22 a.m.; March 26, 2014, at 6:28 p.m.; March 27,
25

3

1   2014, at 5:58 p.m.; and April 1, 2014, at 3:21 p.m.

2   21.   Additionally, by way of example, Defendant called Plaintiffs' cellular telephone

3   on: November 13, 2013, at 7:42 p.m.; November 20, 2013, at 8:25 p.m.; November 21, 2013, at

4   6:52 p.m.; December 5, 2013, at 3:25 p.m.; December 9, 2013, at 1:22 p.m.; December 12,

5   2013, at 1:52 p.m.; January 9, 2014, at 6:23 p.m.; January 18, 2014, at 11:25 a.m.; January 31,

6   2014, at 5:29 p.m.; February 6, 2014, at 7:10 p.m.; February 12, 2014, at 6:06 p.m.; February 13,

7   2014, at 5:45 p.m.; February 21, 2014, at 7:18 p.m.; February 28, 2014, at 5:34 p.m.; March 5,

8   2014, at 7:19 p.m.; March 6, 2014, at 5:59 p.m.; March 12, 2014, at 7:56 p.m.; March 13, 2014,

9   at 6:51 p.m.; March 20, 2014, at 5:15 p.m.; March 21, 2014, at 5:06 p.m.; March 26, 2014, at

10  6:28 p.m.; March 27, 2014, at 5:58 p.m.; and April 1, 2014, at 4:04 p.m.

11  22.   Often, Plaintiffs would answer Defendant's calls, and Defendant would

12  disconnect the call.

13  23.   For example, on October 23, 2013, at 11:25 a.m.; November 7, 2013, at 5:14

14  p.m.; November 13, 2013, at 7:40 p.m.; November 20, 2013, at 8:25 p.m., on both home

15  telephone and cellular telephone simultaneously; December 12, 2013, at 1:51 p.m.; January 9,

16  2014, at 6:22 p.m.; January 18, 2014, at 11:24 a.m.; January 31, 2014, at 5:28 p.m.; March 5,

17  2014, at 7:19 p.m.; March 13, 2014, at 6:51 p.m.; March 20, 2014, at 1:33 p.m.; and April 1,

18  2014, at 3:21 p.m., when Plaintiffs answered Defendant's calls, it hung up on them.

19  24.   It was annoying and aggravating to Plaintiffs to receive collection calls from a

20  company that would hang up on them when they answered the calls.

21  25.   When contacting Plaintiffs on their cellular telephone, Defendant used an

22  automatic telephone dialing system and/or automatic and/or pre-recorded messages.

23  26.   Defendant's telephone calls were not made for "emergency purposes."

4

PLAINTIFFS' COMPLAINT

27.     Plaintiffs dispute having ever provided Defendant consent to call their cellular telephone number.

28.     Defendant never obtained Plaintiffs consent to call their cellular telephone.

29.     Nevertheless, Plaintiffs revoked consent to call their cellular telephone, when they cancelled their contract with Prestige.

30.     Therefore, when Defendant contacted Plaintiffs on their cellular telephone, they did so without their consent.

31.     Further, Plaintiffs never consented to Defendant's calls to their home telephone.

32.     In addition to calling Plaintiffs, Defendant also contacted two of Plaintiffs' friends in its attempts to collect a debt.

33.     Specifically, in November 2013, Defendant called Plaintiffs' two friends and left messages on their answering machine stating that it was calling for "Richard and Laura Baldwin," that it was trying to contact them "in regards to a debt," and to please return as it was "urgent."

34.     It was upsetting and embarrassing for Plaintiffs to have Defendant disclose that they owed a debt to their friends.

35.     Defendant did not have Plaintiffs express permission to disclose information about the debt to third parties, including Plaintiffs' friends.

36.     Then, again, in March 2014, Defendant called Plaintiffs' friend and left a message on her answering machine that it was calling to collect a debt from "Richard and Laura Baldwin."

37.     When calling Plaintiffs' friend in March 2014, Defendant did not have Plaintiffs' express consent to disclose debt information to her.

38.     Also, in its attempts to collect the alleged debt, Defendant sent Plaintiffs emails seeking and demanding payment of the disputed debt.

39.     Specifically, on October 21, 2013, Defendant sent Plaintiffs an email demanding payment of $266.77.

40.     Then, on November 12, 2013, Defendant sent Plaintiffs an email demanding payment of $273.28.

41.     However, on November 25, 2013, Defendant sent Plaintiffs an email demanding payment of $403.41 or threatening to "declare the unpaid balance due immediately and/or placement of [their] account with a collection agency."

42.     Defendant did not explain to Plaintiffs how the amount increased almost $200.00 in thirteen (13) days and it did not identify the amount of interest and/or collection fees.

43.     Also, Defendant's claim to place Plaintiffs' account with a collection was false and deceptive, as the account had already been placed with a collection agency - Defendant.

44.     Further, in its October 21, 2013; November 12, 2013; and November 25, 2013, emails, Defendant claimed that the "The State Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8:00 a.m. or after 9:00 p.m."

45.     This is a false representation of the Fair Debt Collection Practices Act, as the Act specifically states that calling before 8:00 a.m. and after 9:00 p.m. is an inconvenient time to call a consumer.

46.     In addition, Defendant reported this disputed debt to the credit reporting bureaus.

47.     By reporting this debt on Plaintiffs' credit reports, adversely affected their credit rating.

48.     Specifically, Plaintiff Laura Baldwin applied to have her credit limit increased on a credit card in order to make needed repairs to their home.

49.     However, the credit card company denied her request to have her credit limit increased because her credit report showed a collection action.

50.     Finally, desiring to stop Defendant's collection actions, Plaintiffs retained counsel.

51.     On March 27, 2014, the undersigned sent written correspondence to Defendant advising that his firm represented Plaintiffs and to cease all communications with Plaintiffs.

52.     Defendant received the letter of representation on March 31, 2014, at 9:45 a.m.

53.     Despite knowing that Plaintiffs were represented by counsel and that they did not want to be contacted, on April 1, 2014, at 3:21 p.m., Defendant called Plaintiffs' home telephone, and at 4:04 p.m., Defendant called Plaintiffs' cellular telephone.

54.     Defendant's actions herein were taken with the intent to annoy, abuse, harass, deceive, and mislead Plaintiffs, as well as to act in an unfair and unconscionable manner.

## DEFENDANT VIOLATED THE
## TELEPHONE CONSUMER PROTECTION ACT

### COUNT I

55.     Plaintiffs incorporate the forgoing paragraphs as though the same were set forth at length herein.

56.     Defendant initiated multiple automated telephone calls to Plaintiffs' cellular telephone using an automated and/or prerecorded voice and/or automatic telephone dialing system.

57.     Defendant's calls to Plaintiffs were not made for emergency purposes.

7

58.    Defendant's calls to Plaintiff were not made with Plaintiffs prior express consent and/or were made after Plaintiffs' consent was revoked.

59.    Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiffs' rights under the law and with the purpose of coercing Plaintiffs into paying the debt.

60.    The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

61.    As a result of the above violations of the TCPA, Plaintiffs have suffered the losses and damages as set forth above entitling Plaintiffs to an award of statutory, actual and trebles damages.

## DEFENDANT VIOLATED THE
## PENNSYLVANIA FAIR CREDIT EXTENSION UNIFORMITY ACT

## COUNT II

62.    Plaintiffs hereby incorporate all facts and allegations specified in all preceding paragraphs by reference as if fully set forth at length.

63.    At all relevant times, Defendant was attempting to collect a "debt" as that term is defined by 73 P.S. § 2270.3.

64.    Defendant's conduct, outlined above, violated 73 P.S. § 2270.4(b)(1)(ii) by communicating with any person other than the consumer and stating that such consumer owes a debt.

65.    Defendant's conduct, outlined above, violated 73 P.S. § 2270.4(b)(2)(ii) by communicating with Plaintiffs knowing that they were represented by an attorney.

66.    Defendant's conduct, outlined above, violated 73 P.S. §§ 2270.4(b)(4) and 2270.4(b)(4)(v) as it had the natural consequences of harassing Plaintiffs and it caused Plaintiffs' telephone to ring repeatedly and continuously, as well as calling Plaintiffs and hanging up when they answered, with the intent to annoy, abuse and harass them.

67.    Defendant's conduct, outlined above, violated 73 P.S. §§ 2270.4(b)(5), 2270.4(b)(5)(ii), and 2270.4(b)(5)(x) as it attempted to collect an amount not owed by Plaintiffs and made false statements in their communications with Plaintiffs.

68.    Defendant's conduct, outlined above, violated 73 P.S. §§ 2270.4(b)(6) and 2270.4(b)(6)(i) as it attempted to collect an amount not authorized by the agreement creating the alleged debt and/or authorized by law, failing to update its records to restrict calls to Plaintiffs' home and cellular telephones, and calling Plaintiffs' friends and neighbors about the alleged debt.

## DEFENDANT INVADED PLAINTIFFS' PRIVACY BY INTRUDING UPON THEIR SECLUSION

## COUNT III

69.    Plaintiffs hereby incorporate all facts and allegations specified in all preceding paragraphs, by reference as if fully set forth at length.

70.    By repeatedly calling Plaintiffs, intentionally harassing Plaintiffs, and calling third parties and disclosing that Plaintiffs owed a debt; Defendant intentionally intruded upon the solitude or seclusion of Plaintiffs' private affairs.

71.    Defendant's intrusion was highly offensive to a reasonable person.

72.    Defendant's intrusion was intentional or committed with reckless disregard to Plaintiffs' rights.

73.   Defendant's intrusion would cause mental suffering, shame or humiliation to any person of ordinary sensibilities.

74.   Plaintiffs did in fact take serious offense to Defendant's intrusion into their solitude, resulting in extreme annoyance, embarrassment, shame and humiliation.

75.   Plaintiffs have suffered and continue to suffer damages as a direct and proximate result of Defendant's unlawful conduct complained of herein.

WHEREFORE, Plaintiffs, RICHARD AND LAURA BALDWIN, respectfully pray for a judgment as follows:

      a.   All actual damages suffered pursuant to 47 U.S.C. § 227(b)(3)(A); 73 Pa. Stat. § 201-9.2(a); and Pennsylvania common law;

      b.   Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. § 227(b)(3)(B);

      c.   Treble damages of $1,500 per violative telephone call pursuant to 47 U.S.C. § 227(b)(3);

      d.   Statutory damages pursuant to 73 Pa. Stat. § 201-9.2(a);

      e.   Injunctive relief pursuant to 47 U.S.C. § 227(b)(3);

      f.   All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiffs pursuant to 73 Pa. Stat. § 201-9.2(a);

      g.   Punitive damages for Defendant's invasion of Plaintiffs' privacy; and

      h.   Any other relief deemed appropriate by this Honorable Court.

PLAINTIFFS' COMPLAINT

1

## DEMAND FOR JURY TRIAL

2      PLEASE TAKE NOTICE that Plaintiffs, RICHARD AND LAURA BALDWIN,

3   demand a jury trial in this case.

4                                    RESPECTFULLY SUBMITTED,

5

6   Date:  November 21, 2014              By:_____

7                                         CRAIG THOR KIMMEL
                                          Attorney ID No. 57100
8                                         Tara L. Patterson
                                          Attorney ID No. 88343
9                                         Kimmel & Silverman, P.C.
                                          30 E. Butler Pike
10                                        Ambler, PA 19002
                                          Phone: (215) 540-8888
11                                        Fax: (877) 788-2864
                                          Email:    kimmel@creditlaw.com
12

13

14

15

16

17

18

19

20

21

22

23

24

25

11

## VERIFICATION

I, RICHARD BALDWIN, Plaintiff in the above-captioned matter; that I am acquainted with the facts set forth in the foregoing Complaint; that same are true and correct to the best of my knowledge, information, and belief; and that this statement is made subject to the penalties of 18 Pa.C.S.A. § 4904, relating to unsworn falsifications to authorities.


_____

RICHARD BALDWIN

## VERIFICATION

I, LAURA BALDWIN, Plaintiff in the above-captioned matter; that I am acquainted with the facts set forth in the foregoing Complaint; that same are true and correct to the best of my knowledge, information, and belief; and that this statement is made subject to the penalties of 18 Pa.C.S.A. § 4904, relating to unsworn falsifications to authorities.


_Laura Baldwin_
LAURA BALDWIN